NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-611

KENVUE BRANDS LLC[1]

vs.

ANN Z. BAUER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Kenvue Brands LLC (Kenvue) seeks discovery from a Massachusetts resident, Dr. Ann Z. Bauer (Bauer), whom the plaintiffs in a California-based lawsuit consulted as a nontestifying expert as part of that lawsuit.  A judge of the Suffolk Superior Court issued a subpoena for documents and testimony from Bauer, and the plaintiffs and Bauer filed a motion to quash the subpoena.  Following a judge's (motion judge) order granting the motion to quash and denial of Kenvue's motion for reconsideration, final judgment entered against

---

[1] Formerly known as Johnson & Johnson Consumer Inc.

Kenvue, dismissing this action for discovery; Kenvue appeals. We affirm.

Background.  The case underlying this discovery action was filed in California by A.D., individually, and as guardian ad litem for her minor child, M.D., (plaintiffs) against Kenvue. The plaintiffs alleged that M.D. suffered injuries as a result of A.D.'s prenatal use of Kenvue's acetaminophen products and asserted causes of action for strict products liability by failure to warn, negligence, and breach of "various" implied warranties.  The plaintiffs' claims were based on the central allegation that Kenvue "owed a duty to [the p]laintiffs to warn about the risk of prenatal ingestion of acetaminophen," including the alleged "risk of [autism spectrum disorder (ASD)] or [attention-deficit/hyperactivity disorder (ADHD)]."  The complaint relied in part on a paper titled "Paracetamol Use During Pregnancy -- A Call for Precautionary Action" (Bauer paper).  Kenvue sought discovery from Bauer, who is listed as the lead author on the Bauer paper.

On August 21, 2024, Kenvue received a commission from a judge of the California Superior Court in Alameda County to take an out-of-State deposition of Bauer.  A Suffolk Superior Court judge allowed Kenvue's application for discovery under G. L. c. 223A, § 11, and issued a subpoena for testimony as well as for thirty-three requests for production of documents.  The

plaintiffs and Bauer filed a motion to quash and, alternatively, for a protective order; Kenvue opposed the motion and filed a cross motion to compel compliance with the subpoena.[2]

The motion judge allowed the plaintiffs' motion to quash, stating that because the plaintiffs contracted with Bauer as a nontestifying expert "after the California action commenced and well before this letters rogatory request," discovery of Bauer must be governed by Mass. R. Civ. P. 26 (b) (4) (B), 365 Mass. 772 (1974) (rule 26 [b] [4] [B]).[3]  The motion judge concluded that Kenvue had not demonstrated the existence of "exceptional

---

[2] During this process, the parties attended a discovery conference in the California Superior Court, and on October 22, 2024, the California judge recommended proceeding with more limited discovery.  Kenvue informed the plaintiffs it would be willing to proceed with the more limited discovery that the California judge recommended, and on October 28, 2024, Kenvue filed a reply in support of its cross motion to compel compliance with the subpoena in the Suffolk Superior Court, informing the motion judge of the more limited discovery recommendation.  Kenvue did not, however, limit the scope of its motion to compel.

[3] The motion judge cited to the rule for the proposition that

> "discovery of the facts known and opinions held by an expert who has been . . . 'specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial . . . [may only be obtained] upon a showing of exceptional circumstances under which it is impracticable for the subject party seeking discovery to obtain facts and opinions by the same subject by other means.'"

circumstances" and found that Kenvue could likely obtain the information it sought by other means.

Additionally, the motion judge concluded that even if Kenvue "could show exceptional circumstances warranting [the] discovery from Bauer," that it was an "undue hardship for [Bauer] to be deposed" at that time because she reported that she provides daily care for her seriously ill husband. Following the motion judge's allowance of the motion to quash, final judgment entered against Kenvue dismissing this discovery action.  Kenvue appeals from the final judgment.

Discussion.  While Kenvue challenges both grounds of the motion judge's ruling -- the motion judge's determination that the request was unduly burdensome on Bauer and the motion judge's interpretation and application of rule 26 (b) (4) (B)[4] -- we conclude that the motion judge did not abuse her discretion in determining that the discovery requests were unduly burdensome.  See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 302 (2009) ("In general, we uphold discovery rulings unless the appellant can demonstrate an abuse of discretion that resulted in prejudicial error" [quotation and citation omitted]).  Thus, we need not and do not reach whether the

_____

[4] Kenvue also contests the finding that it could likely obtain the information it sought by other means, arguing that it seeks information that is not otherwise available.

4

motion judge's determination that its discovery request was governed by rule 26 (b) (4) (B) was an error of law.

"It is within [the] court's power to vacate any subpoena which it determines is unreasonable, oppressive, irrelevant, or improper." Hull Mun. Lighting Plant v. Massachusetts Mun. Wholesale Elec. Co., 414 Mass. 609, 616 (1993), citing Mass. R. Civ. P. 45 (b), as appearing in 470 Mass. 1402 (2015) (rule 45 [b]). Rule 45 (b) "allows a witness for whom such production would be unreasonably burdensome to move to quash the subpoena, thereby avoiding any such duty in cases where it would be unreasonable or oppressive to impose it." Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 549 n.10 (2002). The parties agree that at the time this discovery was sought, Bauer was the full-time caregiver for her husband following an accident in March 2024. The motion judge was persuaded that requiring Bauer to participate in discovery when she had full-time caregiver responsibilities was an undue hardship, and an independent reason to quash the subpoena. Our standard of review is deferential to the motion judge's assessment. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). Because we conclude that the motion judge's determination and the subsequent quashing of the subpoena were within "the range of reasonable alternatives," id., we conclude that the order

5

allowing the motion to quash did not constitute an abuse of discretion.[5]

Judgment affirmed.

By the Court (Henry, Hand & Allen, JJ.[6]),

*Paul Little*

Clerk

Entered:  March 12, 2026.

---

[5] We deny Bauer and the plaintiffs' request for an award of their appellate costs pursuant to Mass. R. A. P. 26 (a), as appearing in 481 Mass. 1655 (2019).

[6] The panelists are listed in order of seniority.